NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA BARICEVIC, | No. 16-16850 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01541-KJN |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted April 23, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Lisa Baricevic appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Baricevic's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

Because Dr. O'Brien's opinion contradicted Dr. Siy's opinion regarding Baricevic's functional limitations, the ALJ was required to provide specific and legitimate reasons to reject Dr. Siy's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). First, the ALJ properly rejected Dr. Siy's opinion because the limitations in the opinion were not supported by Dr. Siy's own objective findings, including incomplete evidence of fibromyalgia tender points and Dr. Siy's notes indicating that he only "suspect[ed]" that Baricevic had fibromyalgia. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Second, the ALJ reasonably rejected Dr. Siy's opinion as inconsistent with other evidence in the medical record showing only mild tenderness in Baricevic's left shoulder, left shoulder pain explained by a rotator cuff injury, and no history of tenderness in other parts of the body. *See id.* Third, the ALJ properly rejected Dr. Siy's opinion regarding Baricevic's functional limitations as inconsistent with Baricevic's treatment history showing inconsistent evaluation and treatment for pain, and pain largely controlled by therapy and medication. *See Revels v. Berryhill*, 874 F.3d 648, 657 (9th Cir. 2017) (reasoning that the longitudinal treatment record is relevant to assessing functional limitations arising from fibromyalgia). Fourth, substantial evidence supports the ALJ's conclusion that Dr. Siy's opinion relied on Baricevic's subjective complaints. *See Tommasetti*, 533

16-16850

F.3d at 1041 (explaining that the ALJ may reasonably reject a treating physician's opinion that relies on the claimant's self-reports).

The ALJ provided several clear and convincing reasons to discredit Baricevic's testimony regarding the intensity and limiting effects of her symptoms: Baricevic's history of conservative treatment for left shoulder pain; substantial gaps in Baricevic's treatment history; and the effectiveness of treatment at reducing Baricevic's symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (explaining that the ALJ may reject claimant testimony regarding the severity of symptoms based on an unexplained or inadequately explained failure to seek treatment); *Tommasetti*, 533 F.3d at 1040 (concluding that the ALJ properly discredited claimant testimony regarding severity of symptoms based on effectiveness of treatment); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (including conservative treatment record in the reasons that the ALJ may properly rely on to discredit claimant testimony). Baricevic fails to explain how her fibromyalgia diagnosis was relevant to her failure to seek pain treatment, and fails to cite any legal authority requiring the ALJ to inquire regarding any gaps in her treatment. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (interpreting SSR 96-7p) (requiring the ALJ to consider any explanation in the record for a failure to seek treatment). Any error in relying on additional reasons to discredit Baricevic's testimony was harmless. *See Molina*, 674 F.3d at 1115.

3 16-16850

Substantial evidence supports the ALJ's conclusion that Baricevic had no functional limitations arising from irritable bowel syndrome. *See id.* at 1111 (explaining that this court must uphold the ALJ's decision when substantial evidence supports the ALJ's findings).

**AFFIRMED.**